IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HG VORA CAPITAL MANAGEMENT, LLC, HG VORA SPECIAL OPPORTUNITIES MASTER FUND, LTD., and DOWNRIVER SERIES LP – SEGREGATED PORTFOLIO C, on behalf of themselves and derivatively on behalf of PENN ENTERTAINMENT, INC.,<br><br>     Plaintiffs,<br><br>  -against-<br><br>PENN ENTERTAINMENT, INC., JAY SNOWDEN, VIMLA BLACK-GUPTA, ANUJ DHANDA, DAVID HANDLER, MARLA KAPLOWITZ, JANE SCACCETTI, BARBARA SHATTUCK KOHN, RONALD NAPLES, and SAUL REIBSTEIN<br><br>     Defendants,<br>  -and-<br><br>PENN ENTERTAINMENT, INC.,<br><br>     Nominal Defendant. | Case No.: 5:25-cv-02313-CH<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

  Defendants, PENN Entertainment, Inc. ("PENN"), Jay Snowden, Vimla Black-Gupta, Anuj Dhanda, David Handler, Marla Kaplowitz, Jane Scaccetti, Barbara Shattuck Kohn, Ronald Naples, and Saul Reibstein (collectively "Defendants"), by and through their undersigned counsel, file this Memorandum of Law in Support of Motion for Extension of Time to Respond to Plaintiffs' Complaint, seeking an extension of Defendants' deadline to move, answer, or otherwise respond

to the Complaint until thirty (30) days after the Court lifts any stay of this case that it enters pursuant to Defendants' pending Motion to Stay (ECF 19), or until thirty (30) days after the Motion to Stay is resolved, if the case is not stayed in its entirety.

I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs, HG Vora Capital Management, LLC, HG Vora Special Opportunities Master Fund, LTD., and Downriver Series, LP – Segregated Portfolio C (collectively, "Plaintiffs"), filed their Complaint on May 7, 2025 (the "Complaint").  At the core of Plaintiffs' lawsuit is an alleged breach of fiduciary duty by PENN's board of directors:  Plaintiffs say that the directors violated their fiduciary duties by exercising their power under PENN's bylaws and Pennsylvania corporate law to eliminate a vacancy on the board created by the retirement of an incumbent director last month.  Compl. ¶¶ 162-69.  In addition, Plaintiffs tack on to this central theory a handful of additional claims, all of which derive from and are directly predicated upon the alleged fiduciary breach.  *See* Mem. of Law in Support of Defs' Mot. to Stay ("Mem. of Law") (ECF 19-2), at 14-19.

Under the Pennsylvania Business Corporation Law, Plaintiffs' breach of fiduciary duty claim is a derivative claim that "may be enforced directly by the corporation or may be enforced by an action in the right of the corporation" (i.e., derivatively), but "may not be enforced directly by a shareholder."  15 Pa. C.S. § 1717; *see also Stilwell Value Partners I, LP* v. *Prudential Mut. Holding Co.*, 2007 WL 234581, at *9-11 (E.D. Pa. Aug. 15, 2007).  In accordance with its statutory rights under the Business Corporation Law, PENN's board of directors has appointed a special litigation committee ("SLC") to investigate the facts and circumstances surrounding Plaintiffs' claim that the director defendants breached their fiduciary duties by reducing the size of the board.  15 Pa. C.S. § 1783(a).  Under the Business Corporation Law, courts are required to stay derivative

2

Case 5:25-cv-02313-CH    Document 20-1    Filed 05/23/25    Page 3 of 7

proceedings while an SLC completes its work; the statutory stay encompasses both discovery and the time for Defendants to respond to the Complaint. 15 Pa. C.S. § 1783(a), (b)(1)-(2).

On May 19, 2025, pursuant to their statutory entitlement to a stay under the Business Corporation Law, Defendants moved to stay this litigation while the SLC investigates Plaintiffs' allegations. *See* Mot. to Stay (ECF 19).

Currently, Defendants' deadline to respond to the Complaint is May 28, 2025. Defendants now move for an extension of that deadline until thirty (30) days after the Court lifts any stay of these proceedings that it enters pursuant to Defendants' Motion to Stay (ECF 19), or until thirty (30) days after the Motion to Stay is resolved, if the case is not stayed in its entirety.

II.     ARGUMENT

    A.  **Legal Standard**

Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4) authorize district courts to extend the deadline to respond to a complaint for good cause. Good cause means "[a] legally sufficient reason," and it reflects "the burden placed on a litigant to show why a request should be granted or an action excused." *Joseph* v. *Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011), *as amended* (Oct. 10, 2012). District courts in other jurisdictions have held that a pending motion to stay constitutes good cause to extend the deadline to respond to a complaint. *See, e.g.*, *Idaho ex rel. Wasden* v. *McGraw-Hill Companies, Inc.*, 2013 WL 1192772, at *1 (D. Idaho Mar. 22, 2013) ("Extending the deadline for Defendants to respond to the Complaint until after the Court addresses th[e] motion [to stay] will give the parties and the Court a better opportunity to fully consider the issue without having to address a potential motion to dismiss at this point. Doing otherwise would put the proverbial cart before the horse.").

3

SL1 2794061v5 005982.00097

The Court also has the inherent authority to extend the deadlines in the interest of judicial efficiency. *Dietz* v. *Bouldin.*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

    **B. Defendants Have Good Cause for an Extension of their Deadline to Respond to the Complaint Because this Case Should be Stayed, and their Motion to Stay (ECF 19) is Pending.**

With respect to Plaintiffs' breach of fiduciary duty claim, a stay of these proceedings is *required* under Section 1783(b) of the Pennsylvania Business Corporation Law. 15 Pa. C.S. § 1783(b)(1)-(2). When, as here, a plaintiff makes a derivative claim for breach of fiduciary duty against a board of directors, the board may respond by appointing a special litigation committee to determine whether the litigation shall proceed. 15 Pa. C.S. § 1783(a). If "the board of directors appoints a special litigation committee and an action is commenced before" the committee reaches its conclusions, "the time for defendants to plead *shall* be tolled until" the special litigation committee has made its determination, and the court has evaluated that determination. 15 Pa. C.S. § 1783(b)(1)-(2), (e), (f) (emphasis added). PENN's board of directors has appointed a special litigation committee, and thus Defendants' pleading deadline is tolled by statute until the SLC completes its work. 15 Pa. C.S. § 1783(b)(2). And because Defendants' response to Plaintiffs' fiduciary duty claim is tolled by statute, the response to Plaintiffs' remaining claims, which are merely recast versions of the alleged fiduciary breach, must likewise be tolled. The alternative would require separate and duplicative proceedings for two groups of overlapping claims based on the same set of underlying facts. *See* Mem. of Law (ECF 19-2), at 14-19.

Moreover, the Business Corporation Law expressly contemplates that defendants in a derivative action may rely on an SLC's determination in responding to a derivative claim. *See* 15

4

Pa. C.S. § 1783(e)-(f). For example, when an SLC determines that a derivative action is unwarranted, a defendant corporation's typical recourse is to file a motion to dismiss. *See, e.g.*, *Lee* v. *McGarry*, 2020 WL 7075633 (W.D. Pa. Dec. 3, 2020) (following a three-month stay and a special litigation committee's recommendation not to pursue plaintiffs' demands, the court granted defendant corporation's motion to dismiss). Requiring a premature response to the Complaint before Defendants have the benefit of the SLC's investigation would deprive Defendants of their statutory right to consider the SLC's findings before filing a response to the Complaint. 15 Pa. C.S. § 1783(e)-(f); *see also* Mem. of Law (ECF 19-2), at 10-16. Further, the SLC process also operates for the benefit of Plaintiffs and the Court; by statute, the SLC is an independent, disinterested body that will make a good faith, objective determination regarding the merits of the claims at issue and based on that determination will determine next steps on behalf of the Company. Indeed, the very purpose of a special litigation committee is, in part, to inform a defendant *and the Court* how to respond to a derivative complaint. *Id.* To require pleading on the merits before the SLC completes its work would be to put the cart before the horse. *See McGraw-Hill Companies, Inc.*, 2013 WL 1192772, at *1; *see also* Mem. of Law (ECF 19-2), at 10-16.

For these reasons, the Court should extend Defendants' deadline to respond to the Complaint until after it considers their Motion to Stay.

### C. An Extension of Defendants' Deadline to Respond to the Complaint is in the Interest of Judicial Efficiency.

Under the current deadlines, Defendants would be required to respond to the Complaint before the Court considers their request for a stay of these proceedings. *See* 15 Pa. C.S. § 1783(b)(1)-(2). Preparing and filing responsive pleadings or otherwise responding to the Complaint before the Court considers the Motion to Stay will result in a significant waste of the

resources of the parties and the Court and will result in the duplication of the work being done by the SLC to investigate the facts and circumstances of the alleged fiduciary breach. Likewise, litigation concurrent with the SLC's investigation could lead to inconsistent rulings on matters that bear directly on the alleged fiduciary breach, which under Pennsylvania law, the SLC is exclusively charged with investigating at this time. The more efficient path forward is for the Court to grant the requested extension of Defendants' deadline to respond to the Complaint, so that the Court may consider the proper action in response to Defendants' request for a stay before this case proceeds on the merits. Mem. of Law (ECF 19-2), at 14-16.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion for Extension to Respond to Plaintiffs' Complaint.

Dated: May 23, 2025

> By: */s/ Stacey Scrivani*
> Stacey Scrivani
> STEVENS & LEE, P.C.
> Attorney I.D. No. 84275
> 111 North Sixth Street
> Reading, PA 19601
> stacey.scrivani@stevenslee.com
> Tel: (610)-478-2086
>
> Jason P. Rudloff
> STEVENS & LEE, P.C.
> Attorney I.D. No. 331263
> 555 E. City Ave., Suite 1170
> Bala Cynwyd, PA 19004
> jason.rudloff@stevenslee.com
> Tel: (215) 751-2882
>
> Ryan McLeod *(pro hac vice)*
> WACHTELL, LIPTON, ROSEN & KATZ
> Attorney I.D. No. 5038
> 51 West 52nd Street

SL1 2794061v5 005982.00097

New York, NY 10019
RAMcLeod@wlrk.com
Tel: (212) 403-1175

Cynthia Fernandez Lumermann *(pro hac vice)*
WACHTELL, LIPTON, ROSEN & KATZ
Attorney I.D. No. 5071618
51 West 52nd Street
New York, NY 10019
CFernandez@wlrk.com
Tel: (212) 403-1162

*Attorneys for Defendants PENN Entertainment, Inc., Jay Snowden, Vimla Black-Gupta, Anuj Dhanda, David Handler, Marla Kaplowitz, Jane Scaccetti, Barbara Shattuck Kohn, Ronald Naples, and Saul Reibstein*