IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HG VORA CAPITAL MANAGEMENT, LLC, HG VORA SPECIAL OPPORTUNITIES MASTER FUND, LTD., and DOWNRIVER SERIES LP – SEGREGATED PORTFOLIO C, on behalf of themselves and derivatively on behalf of PENN ENTERTAINMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> PENN ENTERTAINMENT, INC., JAY SNOWDEN, VIMLA BLACK-GUPTA, ANUJ DHANDA, DAVID HANDLER, MARLA KAPLOWITZ, JANE SCACCETTI, BARBARA SHATTUCK KOHN, RONALD NAPLES, and SAUL REIBSTEIN, <br><br> Defendants, <br> -and- <br><br> PENN ENTERTAINMENT, INC., <br><br> Nominal Defendant. | Case No.: 5:25-cv-02313-CH <br><br> **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FURTHER EXTENSION OF STAY OF COUNT IV OF THE AMENDED COMPLAINT** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FURTHER EXTENSION OF STAY OF COUNT IV OF THE AMENDED COMPLAINT**

Defendants, Jay Snowden, Vimla Black-Gupta, Anuj Dhanda, David Handler, Marla Kaplowitz, Jane Scaccetti, Barbara Shattuck Kohn, Ronald Naples, Saul Reibstein, and nominal defendant PENN Entertainment, Inc. ("PENN") (collectively "Defendants"), by and through their undersigned counsel, file this Memorandum of Law in Support of Motion for Further Extension of Stay of Count IV of the Amended Complaint, seeking a 30-day extension of the Stay ordered

1

by this Court on July 7, 2025 (ECF 28) and extended for 90 days pursuant to this Court's Order on August 20, 2025 (ECF 37).

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs, HG Vora Capital Management, LLC, HG Vora Special Opportunities Master Fund, LTD., and Downriver Series, LP – Segregated Portfolio C (together, "Plaintiffs"), filed their Complaint on May 7, 2025 (the "Complaint").  Plaintiffs filed an Amended Complaint on August 18, 2025 (the "Amended Complaint").  At the core of Plaintiffs' lawsuit is an alleged breach of fiduciary duty by PENN's board of directors:  Plaintiffs allege that the directors violated their fiduciary duties to the company by exercising their power under PENN's bylaws and Pennsylvania corporate law to eliminate a vacancy on the board created by the retirement of a director.  Am. Compl. ¶¶ 168-77.

In accordance with its statutory right under the Pennsylvania Business Corporation Law, PENN's board of directors appointed a special litigation committee ("SLC") to investigate Plaintiffs' breach of fiduciary duty claim. 15 Pa. C.S. § 1783(a).  Under the Business Corporation Law, courts "shall stay discovery" and the time for defendants to respond to the complaint "for the time reasonably necessary to permit the committee to complete its investigation." 15 Pa. C.S. § 1783(a), (b)(1)-(2).

On May 19, 2025, Defendants moved to stay this litigation while the SLC investigates Plaintiffs' allegations.  *See* Mot. to Stay (ECF 19).  In its Order docketed July 7, 2025, (ECF 28), the Court granted a 30-day Stay (the "Stay") of the breach of fiduciary duty claim and denied Defendants' request for a stay as to the remaining counts.[1]  The Order directed (i) the SLC to file

---

[1] In Plaintiffs' original Complaint, the breach of fiduciary duty claim is Count V.  In Plaintiffs' Amended Complaint, the breach of fiduciary duty claim is Count IV.  This Memorandum of Law refers to the breach of fiduciary claim as Count IV of the Amended Complaint.

a status update as to its investigation no later than August 1, 2025 and (ii) Defendants to move for an extension of the stay setting forth the specific time requested if the SLC needed more than 30 days to complete its investigation.

On August 1, 2025, the SLC filed a letter with the Court (the "First Letter") (ECF 31) setting forth its substantial work to investigate Plaintiffs' allegations, including, without limitation, (i) regular meetings of the SLC and its counsel to discuss the investigation process, the relevant information, and the legal issues related to the SLC's work; (ii) reviewing and analyzing large volumes of information and documentation, including more than 14,000 pages of documents produced by Defendants, materials obtained from third parties such as Goldman Sachs and Evercore, and information obtained from the SLC's independent searches of publicly available information that may be relevant to its investigation; and (iii) interviewing individuals that the SLC has identified as having potentially relevant information, including members of the Company's board of directors and potentially a limited number of additional non-Board individuals. First Letter (ECF 31) at 2. By the date of the First Letter, the SLC had completed or scheduled interviews of eight individuals. *Id*. At that time, the SLC hoped it would complete its investigation by the end of October. *Id.*

On October 29, 2025, the SLC filed a second letter with the Court (the "Second Letter") (ECF 40) providing a further update on its substantial and ongoing work and the status of its investigation. In the Second Letter, the SLC explained that Plaintiffs filed an Amended Complaint on August 18, 2025, which included additional allegations related to Plaintiffs' breach of fiduciary duty claim, requiring the SLC to investigate those additional allegations. By the date of the Second Letter, the SLC had conducted thirteen interviews across twelve individuals, held seventeen formal meetings, continued its review of over 14,000 pages of documents, requested additional materials

from Plaintiffs, and conducted phone conferences with counsel for Plaintiffs and Defendants. Second Letter (ECF 40) at 2. Additionally, the SLC retained an outside consultant to advise on issues related to the regulatory process in the gaming industry. *Id*.

The Second Letter explains that the SLC believes it has finished conducting interviews, and that its work is "substantially complete." *Id*. The SLC is in the process of preparing a written report regarding its investigation and findings, as required by 15 Pa. C.S. § 1783(f)(1). *Id*. The Second Letter further explains that one of the two SLC members, Richard Bazelon, started a one-week jury trial on October 27, 2025. *Id.* The SLC anticipates completing its report and providing a copy to PENN by November 25, 2025. *Id.* For the reasons stated herein and in the SLC's Letter, Defendants respectfully request a corresponding 30-day extension of the current Stay until December 5, 2025.

## II.     ARGUMENT

Based on the SLC's Second Letter to the Court on October 29, 2025 (ECF 40), a 30-day extension of the Stay is reasonably necessary for the SLC to complete its investigation of Plaintiffs' allegations and prepare a written report that includes the process of the investigation and the SLC's determinations. 15 Pa. C.S. § 1783(b)(1) ("[T]he court shall stay discovery for the time reasonably necessary to permit the committee to complete its investigation.").

As the SLC explained, it "has undertaken a diligent process to review and investigate the relevant claims." Second Letter (ECF 40) at 1. While its investigation is substantially complete, the SLC requires additional time to consider and finalize its determinations and findings , confer with its consultant on gaming regulations, and draft and submit its written report. *Id.* at 2.

The SLC anticipates completing its investigation and providing its written report by November 25, 2025. *Id*. Accordingly, a 30-day extension to the current Stay of the breach of

fiduciary duty claim (Count IV) is reasonably necessary to enable the SLC to complete its investigation. This requested extension will cause the Stay to be lifted on December 5, 2025.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Further Extension of Stay of Count IV of the Amended Complaint and extend the Stay currently in place for 30 days until December 5, 2025.

Dated: October 31, 2025

By: */s/ Stacey A. Scrivani*
Stacey A. Scrivani
STEVENS & LEE, P.C.
Attorney I.D. No. 84275
111 North Sixth Street
Reading, PA 19601
stacey.scrivani@stevenslee.com
Tel: (610)-478-2086

Jason P. Rudloff
STEVENS & LEE, P.C.
Attorney I.D. No. 331263
555 E. City Ave., Suite 1170
Bala Cynwyd, PA 19004
jason.rudloff@stevenslee.com
Tel: (215) 751-2882

Ryan McLeod *(pro hac vice)*
WACHTELL, LIPTON, ROSEN & KATZ
Attorney I.D. No. 5038
51 West 52nd Street
New York, NY 10019
RAMcLeod@wlrk.com
Tel: (212) 403-1175

Cynthia Fernandez Lumermann *(pro hac vice)*
WACHTELL, LIPTON, ROSEN & KATZ
Attorney I.D. No. 5071618
51 West 52nd Street
New York, NY 10019
CFernandez@wlrk.com

Tel: (212) 403-1162

*Attorneys for Defendants PENN Entertainment, Inc., Jay Snowden, Vimla Black-Gupta, Anuj Dhanda, David Handler, Marla Kaplowitz, Jane Scaccetti, Barbara Shattuck Kohn, Ronald Naples, and Saul Reibstein*